# DANIEL W. COIT, Appellant, *v.* AUGUSTUS HUMBERT, Respondent.

A party by pledging negotiable securities transferable by delivery, loses all right to the securities, when transferred by the pledgee in good faith to a third party.

The pledgee, in such a case, should be treated in the transaction as the agent of the owner, and the owner should be bound by his acts in the premises.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The facts material to the points decided appear in the opinion of the Court.

*B. S. Brooks*, for Appellant.

The general doctrine upon which we rest our action in this case, is laid down in Story on Bailments: " That a pledgee of a chattel can only assign or pledge it to the extent of his lien." A lien or right by a former pledge may be again pledged to the extent of such right or lien, although not beyond it. § 293. See also §§ 296, 322, 323.

A different rule, it is true, prevails in regard to negotiable instruments, but this is confined to cases of securities which pass as money. Story on Bailments, § 323, and authorities there cited. See also Bott *v.* McCoy, 20 Ala., 578. Jones *v.* Thurmond, 5 Texas, 318. Lucketts

*v.* Townsend, 3 Texas, 119. Cheeseman *v.* Excell, 4 Eng., L. and Eq. Rep., 438.

*Crocker* and *Page*, for Respondent.

No brief on file.

BRYAN, J., delivered the opinion of the Court. HEYDENFELT, J., and MURRAY, C. J., concurred.

This cause was heard in the Court below upon demurrer. The appellant having received warrants payable to his order, drawn upon the Treasury of the County of San Francisco, as also warrants payable to the order of others and indorsed to him in blank, pledged the same to another as security for a loan. The pledgee, one West, also pledged the same as security for a loan had by him of Curtis & Perry, and Curtis & Perry transferred the same to the respondent Humbert.

The appellant having set up these facts in his complaint, and claiming to be the owner of the scrip or warrants, prays the Court to decree, that the defendant shall surrender to him the same, alleging his readiness to pay the amount of money due from him to West, with interest.

A party by pledging negotiable securities, transferable by delivery, loses all right to the securities, when transferred by the pledgee in good faith to a third party. So it has been laid down in Story on Bailments, section 322. "If the pledge is of a certificate of stock, which may pass by delivery, a *bona fide* purchaser, or subsequent pledgee may hold the stock against the real owner." The same doctrine is also held in Jarvis *v.* Rodgers, 13 Mass. Reports, 105, and in Story's Equity Jurisprudence, sections 434, 436.

This doctrine is held from the plainest reason and necessity of the thing. For, if it were otherwise, no person receiving such security would be safe. In the first place, the person receiving would be obliged to ascertain (what in most instances it would be impossible to ascertain) whether the security belonged to the person from whom he received it, or was only deposited as security with him, by some other person. Although warrants drawn by officers of a government upon its disbursing officers, might not strictly be called evidence of indebtedness, yet the owner having once pledged them with another, reposing confidence

in his pledge, any person subsequently acquiring them in good faith from such pledgee, must hold them against the original owner. The pledgee in such a case should be treated in the transaction, as the agent of the owner, and the owner should be bound by his acts in the premises.

The complaint shows upon its face that no cause of action exists against the respondent, and the demurrer was well taken.

Judgment below affirmed, with costs.